S. PARKER FOSS

*vs.*

CHARLES GUY HUME AND TICONIC NATIONAL BANK, TRUSTEE.

Kennebec.      Opinion January 17, 1931.

*Robert Randall,*
*James L. Boyle,* for S. Parker Foss.
*Harvey D. Eaton,* for Charles G. Hume.
*McLean, Fogg & Southard,* for Augusta Trust Company.
*Cyril M. Joly,* for Ticonic National Bank.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

FARRINGTON, J.   On exceptions. S. Parker Foss, the plaintiff, holder of several dishonored checks drawn by Charles Guy Hume, sued Hume for the amount of the checks under a trustee writ, with an *ad damnum* of $1,500.00, in which the Ticonic National Bank of Waterville, Maine, was named as trustee. The Augusta Trust Company on petition duly filed was permitted to appear as third party claimant and was awarded judgment in the sum of fifteen hundred fifty dollars ($1,550.00). The case was heard by the presiding Justice, without jury, docket entries showing "Principal defaulted and continued for judgment," "Trustee discharged with costs against plaintiff." "Judgment for claimant for $1,500. against trustee." "Judgment for claimant for costs against plaintiff." With the exception of these entries the record discloses no findings. The case is before this court on exceptions to the ruling and decision as to the liability of the trustee.

Under Sec. 79 of Chap. 91, R. S. (1916), "whenever exceptions are taken to the ruling and decision of a single Justice as to the liability of a trustee, the whole case may be reëxamined and determined by the Law Court, and remanded for further disclosure or other proceedings, as justice requires."

Stated briefly the facts are as follows: On January 28, 1930, the principal defendant drew a check for fifteen hundred fifty dollars ($1,550.00) on the Ticonic National Bank of Waterville, Maine, and cashed it at the Oakland Branch of the Augusta Trust Company. This check was forwarded in due course and was, on January 31, 1930, presented for payment at the drawee bank. At the close of business on January 30, 1930, Mr. Hume's balance was eighty-two cents. About eleven o'clock in the forenoon of January 31, 1930, Hume went to the Ticonic National Bank to see what checks had been presented and to ascertain what sum he would need "to take care of them." Mr. Wilmot, one of the tellers at the bank, gave him, in his own handwriting, a slip with the amounts of three checks which were at that moment in the bank for payment, one of them being the $1,550.00 check cashed at the Oakland Branch of the claimant bank, the other two being for $185.00 and $63.50 respectively, and all totalled by the teller as $1,798.50. Hume then went to the collection department to see what he "had in there for collection" and the clerk gave him the several amounts of $11.55, $59.50, and $3.20, to which he added $19.65 to cover a check to Mrs. Hume, making a total of $1,892.40 covering all checks then in the bank and to be paid. When Mr. Hume, late in the afternoon, went in to leave this amount, he was told by one of the bookkeepers that he needed a little more and he states that he added $5.00 to the amount he had for the purpose of covering the various checks, which was entirely in bills with the exception of fifty cents in silver, and the bookkeeper said, "All right, that takes care of you very nicely." He evidently added ten cents more than the $5.00 to account for fifty cents instead of forty. Almost immediately after this money was left with the bank by Mr. Hume, the trustee process was duly served on the bank by the plaintiff at 2.31½ m. P. M. January 31, 1930, the head bookkeeper testifying that "the trustee was served during the transit from the time the deposit was received until it got to me." The evidence shows that the bookkeeper was informed of the service of the trustee process before she had knowledge that Mr. Hume had left the money with the bank so that it is clear there intervened no time during which any bookkeeping entries could have been made. In

fact, none of the checks had actually been accepted, nor had any entries relating to them been made on the books of the bank.

The testimony is conflicting but, taking into consideration all the evidence in the case, together with all inferences reasonably and properly drawn from such evidence, we are convinced that the money left with the Ticonic National Bank on January 31, 1930, was not a general deposit, the result of which would have been to constitute the bank a debtor to Mr. Hume, the depositor. We are fully satisfied that it was a special deposit and left with the bank for the specific purpose of being applied to the checks then in the bank, and for no other purpose, and that it was so understood by the bank as well as by the depositor and that it was received by the bank with that understanding.

The knowledge of the teller must be regarded as the knowledge of the bank. *Hale et al* v. *Windsor Savings Bank et al* (Vt.), 98 Atl., 993 ; *American Lumber Sales Co.* v. *Fidelity Trust Co.*, 127 Me., 65, 71.

This Court has frequently said that as between the plaintiff and a claimant in a trustee process equitable considerations must prevail as fully as possible. *Howe* v. *Howe et als*, 97 Me., 422, 425 ; *Jenness* v. *Wharff*, 87 Me., 307 ; *Haynes* v. *Thompson*, 80 Me., 125.

"A process of this kind, though in form an action at law, is in substance an equitable proceeding to determine the ownership of a fund in dispute, especially when a claimant has appeared as in this case and become a party to the suit." *Harlow* v. *Bartlett and City of Bangor, Trustee*, 96 Me., 294, 296 ; *Jenness et al* v. *Wharff*, supra.

When a deposit is made for a specific purpose and for the benefit of a third person a trust relation is created in favor of that third person. *Woodhouse* v. *Crandall* (Ill.), 64 N. E., 293.

Where money or other property is delivered by one person to another to be by the latter paid or delivered over for the benefit of a third person, the party receiving the money or other property holds it upon a trust necessarily implied from the nature of the transaction and in favor of the beneficiary. *Stockard* v. *Stockard's Admr.*, 7 Humphrey's, 303, 46 Am. Dec., 79.

In our opinion, the bills and silver left with the bank just before

the close of its banking hours on the afternoon of January 31, 1930, constituted a trust for the benefit of the various holders of the checks presented and in the possession of the bank, including that of the Augusta Trust Company, beneficiary to the extent of the $1,550.00 check cashed by it, and that they were so held by Ticonic National Bank as trustee for the check holders.

We do not regard it as important, or as affecting the trust relation created between the bank and the Augusta Trust Company, and other check holders, that Mr. Hume may have realized that the money left by him was to go into the bank's general funds, or that it did actually go there.

This money or its equivalent belonged in equity and good conscience to the holders of the checks in the bank for whom it was left. Mr. Hume knew it and intended it to be theirs. The bank, as we read the evidence, knew it also and knew that Mr. Hume so intended it, and accepted it with that understanding.

The Ticonic National Bank was not holding as a bailee for Hume the money left with it by him, nor was it holding it as Hume's agent, nor was it holding it as his debtor on the basis that it was a general deposit. It was holding as a trustee for the benefit of the check holders money left with it for a specific purpose and for the benefit of third persons of whom one was the claimant in this case.

Because of this trust relation, the most simple form, perhaps, in which such an implied trust can be presented, we are unable to see that, at the time of the service of the trustee process on the bank, any money or other thing was due, absolutely and without contingency, from the Ticonic National Bank to Mr. Hume, the principal defendant, with the exception of the eighty-two cents, old balance on general deposit, plus the $5.10 thrown in by Hume as good measure on January 31, 1930, and for that amount alone the bank, as trustee in the plaintiff's writ, should be charged.

In determining the question of the relative rights of the plaintiff and claimant in this case there has been and need be no discussion or consideration of Section 189 of the Maine Uniform Negotiable Instruments Act. Prior to the Act there was a division of opinion in the courts as to whether or not a check operated as an assignment. Since its general adoption there has been and still is a

lack of accord, but the pronounced weight of authority is in favor of the view that a check, as such, does not operate as an assignment. In view of this opinion that, under the existing facts and circumstances, a trust relationship was created, further comment on the Act itself would be unnecessary and futile.

From what appears in the record of the case we feel that the Augusta Trust Company was properly permitted to become a party to the proceedings, and that there was no error on the part of the presiding Justice in rendering the judgment for $1,550.00 in favor of the claimant, and that the exceptions as far as they relate to the order of judgment for the claimant are, because of this opinion, without force, and the judgment must stand.

Exceptions, however, must be sustained, as the Ticonic National Bank must be charged as trustee under plaintiff's writ with the sum of $5.92, the sum of eighty-two cents, the old balance on general account, and the $5.10 left by Mr. Hume with the bank over and above the amount of checks to be cared for, and this sum the bank is entitled to apply to the costs of its disclosure as such trustee, and, if said amount is not sufficient to discharge the costs taxed in its favor, it shall have judgment against the plaintiff for the balance of said costs, after deducting $5.92, the sum disclosed as subject to plaintiff's claim. If said sum of $5.92 is in excess of its disclosure costs, the balance, after deducting such costs, is to be paid to the plaintiff.

*Exceptions sustained. Case remanded for further proceedings in accordance with this opinion.*